# Exhibit F

```
**** DCJS 1020 FOR SUP CT INFO ****
         S U P E R I O R   C O U R T   I N F O R M A T I O N

S U P R E M E   C O U R T   O F   T H E   S T A T E   O F   N E W   Y O R K
                    C O U N T Y   O F   K I N G S
```

---

THE PEOPLE OF THE STATE OF NEW YORK

J.    JEFFREY NESGI
       DEFENDANT
         2015KN011325

SUPERIOR COURT
INFORMATION NO. 01507-2015

---

PL 220.03 CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE
AFO: N                SEX CRIME: NA

# *Exhibit G*

Dasilva punched him in the face. All Defendant Officers then assaulted Plaintiff, tightly handcuffed him, took him to PSA 3, denied him medical attention. Charged with open container and resisting arrest, which were ACD'd at arraignments.

Bryant, Corey and Windley, Robert vs City of New York, et al.
Case # 006218/2014, Supreme Court - Kings, May 12, 2014, ended January 18, 2018
$100,000 Settlement

## Other Documents

Bronx DA Notified Officer List
IAB Investigation
IAB Investigation
IAB Investigation Case: C-2017-467
IAB Investigation Case: C-2017-467

50-a.org — About — File a complaint

*Exhibit H*

# UNIFORM SENTENCE & COMMITMENT

**STATE OF NEW YORK**

Supreme COURT, COUNTY OF Kings

PRESENT: HON Gubbay J

Court Part: BFC
Court Reporter: Tourloct E
Superior Ct. Case #: 1507-2015

The People of the State of New York
-vs-
Jeffery Neggi
Defendant

| SEX | D.O.B. | NYSID NUMBER | CRIMINAL JUSTICE TRACKING NUMBER |
|---|---|---|---|
| M | 2-3-91 | 12986355M | |

Accusatory Instrument Charge(s):
1. CPCS 7°
2.
3.
4.

Law/Section & Subdivision:
220.03

Date(s) of Offense: 2-24-15
To _____

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED BY [⊘PLEA OR ○VERDICT], THE MOST SERIOUS OFFENSE BEING A [○FELONY OR ⊘MISDEMEANOR OR ○VIOLATION], IS HEREBY SENTENCED TO

| Crime | Count No. | Law Section and Subdivision | SMF, Hate or Terror | Minimum Term | Maximum Term | ⊘Definite (circle: D, M or Y) ☐Determinate (in years) | Post-Release Supervision |
|---|---|---|---|---|---|---|---|
| 1 CPCS 7° | 1 | 220.03 | | years | years | 1 years | years |
| 2 | | | | years | years | years | years |
| 3 | | | | years | years | years | years |
| 4 | | | | years | years | years | years |
| 5 | | | | years | years | years | years |

**NOTE: For each DETERMINATE SENTENCE imposed, a corresponding period of POST-RELEASE SUPERVISION MUST be indicated [PL § 70.45].

☐ Counts _____ shall run CONCURRENTLY with each other   ☐ Count(s) _____ shall run CONSECUTIVELY to count(s) _____
☐ Sentence imposed herein shall run CONCURRENTLY with _____, and/or CONSECUTIVELY to _____
☐ Sentence imposed herein shall run CONSECUTIVELY to a _____ term of [○PROBATION OR ○CONDITIONAL DISCHARGE] with an Ignition Interlock Device condition to commence upon the defendant's release from imprisonment [PL § 60.21]
⊘ Conviction includes  WEAPON TYPE _____ and/or DRUG TYPE   crack cocaine
☐ Charged as a JUVENILE OFFENDER—age at time crime committed _____ years
☐ Adjudicated a YOUTHFUL OFFENDER [CPL § 720.20]    ☐ Court certified the Defendant a SEX OFFENDER [Cor. L § 168-d]
☐ Execute as a sentence of PAROLE SUPERVISION [CPL § 410.91]   ☐ CASAT ordered [PL § 60.04(6)]
☐ Re-sentenced as a PROBATION VIOLATOR [CPL § 410.70]    ☐ SHOCK INCARCERATION ordered [PL § 60.04(7)]

As a: ○Second  ○Second Violent  ○Second Drug  ○Second Drug w/prior VFO  ○Predicate Sex Offender  ○Predicate Sex Offender w/prior VFO  ○Second Child Sexual Assault  ○Persistent  ○Persistent Violent  FELONY OFFENDER

| Paid | Not Paid | Deferred—court must file written order [CPL § 420.40(5)] | | | Paid | Not Paid | Deferred—court must file written order [CPL § 420.40(5)] | | |
|---|---|---|---|---|---|---|---|---|---|
| ○ | ⊘ | ○ | Mandatory Surcharge | $ 175 | ○ | ⊘ | ○ | Crime Victim Assistance Fee | $ 25 |
| ○ | ○ | ○ | Fine | $ | ○ | ○ | ○ | Restitution | $ |
| ○ | ⊘ | ○ | DNA Fee | $ 50 | ○ | ○ | ○ | Sex Offender Registration Fee | $ |
| ○ | ○ | ○ | DWI/Other | $ | ○ | ○ | ○ | Supplemental Sex Off. Victim Fee | $ |

THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE:
○ NYS Department of Correctional Services (NYSDOCS) until released in accordance with the law, and being a person sixteen (16) years or older not presently in the custody of NYSDOCS (the County Sheriff) (New York City Dept Of Correction) is directed to deliver the defendant to the custody of NYSDOCS as provided in 7 NYCRR Part 103
○ NYSDOCS until released in accordance with the law and being a person sixteen (16) years or older and is presently in the custody of NYSDOCS, said defendant shall remain in the custody of the NYSDOCS
○ NYS Office of Children and Family Services in accordance with the law being a person less than sixteen (16) years of age at the time the crime was committed
⊘ NYC DOC  County Jail/Correctional Facility

TO BE HELD UNTIL THE JUDGMENT OF THIS COURT IS SATISFIED.

REMARKS: _____

Commitment, Order of Protection & Pre-Sentence Report received by Correctional Authority as indicated

Official Name
Shield No.

Pre-Sentence Investigation Report Attached ○YES ⊘NO   ☐Amended Commitment:
Order of Protection Issued: ○YES ⊘NO   Original Sentence Date _____
Order of Protection Attached: ○YES ⊘NO

7-10-15    N Sanchez   by _____ SC
Date    Clerk of the Court    Signature    Title

*Exhibit I*

9/3/2021     Detective's Lies Sent Three People to Prison, Prosecutors Charge - The New York Times

**The New York Times**    https://www.nytimes.com/2019/04/24/nyregion/nyc-detective-perjury-franco.html

## Detective's Lies Sent Three People to Prison, Prosecutors Charge

A veteran narcotics detective testified falsely about drug deals he claimed to have seen in at least three cases, the Manhattan district attorney's office said.

 By Sean Piccoli

April 24, 2019

Detective Joseph E. Franco is a 19-year veteran in the narcotics division in Manhattan with thousands of arrests to his credit. His testimony has sent numerous people to prison.

Among them were three New Yorkers that Detective Franco said he saw selling drugs in separate cases in 2017 and 2018. All three pleaded guilty.

Two were sent to state prison and were behind bars when investigators from the Manhattan district attorney's office discovered that the detective's accounts — filed in arrest reports, and repeated to other officers, prosecutors and grand juries — were fabricated.

On Wednesday, Detective Franco, who works in southern Manhattan, was charged with 16 criminal counts, including perjury and official misconduct.

Prosecutors said Detective Franco fabricated tales of drug buys by innocent people. His lies unraveled when investigators found video evidence contradicting the detective's accounts and after interviewing other arresting officers, prosecutors said in court papers filed with the case.

Detective Franco, 46, pleaded not guilty to the charges in State Supreme Court in Manhattan on Wednesday afternoon. Justice Mark Dwyer released him without bail until his next court date on June 28.

Detective Franco and his lawyer, Howard Tanner, declined to comment as they left the courthouse.

The convictions against the three people Detective Franco said had sold drugs — Julio Irizarry, Jameeka Baker and Turrell Irving — have been thrown out, and none of the three are in state custody anymore, said Justin Henry, a spokesman for the Manhattan district attorney, Cyrus R. Vance Jr.

At a bail hearing on Wednesday, an assistant district attorney, Stephanie Minogue, said that the office was investigating at least two other cases involving Detective Franco and that more indictments might be filed against him. She asked for $50,000 cash bail, a request Justice Dwyer denied.

Detective Franco has now been suspended without pay, the Police Department said.

"Our N.Y.P.D. officers swear an oath to uphold the law, and meet the highest ethical standards," the police commissioner, James P. O'Neill, said in a statement. "Should an officer fail to meet those critical expectations, they must be held accountable."

Prosecutors said Mr. Irizarry was the first to be accused of making a drug sale that Detective Franco, working as a plainclothes detective, claimed he had witnessed.

Mr. Irizarry was arrested in February 2017 after the detective said he saw him selling drugs inside the lobby of a building on Delancey Street, prosecutors said in a court document.

But video from a security camera inside the building showed that no such transaction took place. Additionally, video from a security camera outside the building showed Detective Franco never entered the building, leaving him unable to see anything in the lobby, the document said.

This pattern was repeated on two other occasions. Ms. Baker was arrested in June 2017 on Madison Street after Detective Franco said that he saw Ms. Baker selling drugs in a building's vestibule, the document said.

Yet investigators found security video showing that Ms. Baker went into the building a short stepping in the vestibule, and that Detective Franco was not close enough to her to actually see what she was doing, the document said.

In April 2018, Mr. Irving was arrested on Detective Franco's word that he had seen him giving cocaine to a woman, Karen Miano, who subsequently sold the drug to an undercover officer, the document said.

PLAINTIFF'S EXHIBIT 6

Case 1:22-cv-05867-BMC Document 40-1 Filed 08/02/23 Page 2 of 30 PageID #: 52
Case 1:22-cv-05867-BMC Document 40-1 Filed 08/02/23 Page 9 of 17 PageID #:
9/3/2021 Detective's Lies Sent Three People to Prison, Prosecutors Charge - The New York Times

"Once more, the video from this incident directly contradicted the defendant's version of events," according to the document. "There was no drug transaction between Mr. Irving and Ms. Miano. Instead, Ms. Miano simply held the door open for Mr. Irving as he entered the building and she exited on her way to meet the undercover officer."

"In each of the cases, the defendant compounded his misconduct by repeating these lies over and over again," Ms. Minogue, the prosecutor, said in court.

The review of Detective Franco's cases began last summer, when the district attorney's staff noticed major inconsistencies in the detective's statements and the underpinning evidence in his casework, Mr. Henry said.

After vacating the convictions of Mr. Irizarry, Ms. Burke and Mr. Burrell, the lawyers from the district attorney's Conviction Integrity Program referred Detective Franco's case to the Public Corruption Unit for investigation, Mr. Henry said.

Ms. Baker and Mr. Irizarry were both serving state prison sentences when the evidence came to light showing the detective's testimony in their cases was false, the court documents said.

In a statement, the district attorney's office said the case against Detective Franco was part of a continuing effort to root out and prosecute police corruption and misconduct.

"My office will continue to bring the full weight of the law against uniformed officers who lie and undermine the public trust in law enforcement on which we rely to keep New York safe," Mr. Vance said in the statement.

Ali Winston contributed reporting.

# Exhibit J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>GEORGE ASHBY,<br><br>DEFENDANT. | <u>WRIT OF ERROR CORAM NOBIS</u><br><br>Kings County Indictment Number:<br><br>03953-2005 |

WHEREAS on or about October 12, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about October 12, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced indictment be vacated;

IT IS FURTHER ORDERED that the above-referenced indictment is dismissed with prejudice; and

IT IS FURTHER ORDERED that defendant is not entitled to a

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>GARY HARRIS,<br><br>DEFENDANT. | <u>WRIT OF ERROR CORAM NOBIS</u><br><br>Kings County Indictment Number:<br><br>10492-2006 |

WHEREAS on or about October 12, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about October 12, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced indictment be vacated;

IT IS FURTHER ORDERED that the above-referenced indictment is dismissed with prejudice; and

IT IS FURTHER ORDERED that defendant is not entitled to a

refund of any court fees, assessments, fines, restitution and or forfeiture defendant may have paid.

Dated:    Brooklyn, New York
         October 12, 2022

_____
HON.

**HON. MATTHEW J. D'EMIC**
Administrative Judge
for Criminal Matters

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>NESTOR GUZMAN,<br><br>DEFENDANT. | <u>WRIT OF ERROR CORAM NOBIS</u><br><br>Kings County Indictment Number:<br><br>SCI-08349-2006 |

WHEREAS on or about October 12, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about October 12, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced Supreme Court Information be vacated;

IT IS FURTHER ORDERED that the above-referenced Supreme Court Information is dismissed with prejudice; and

IT IS FURTHER ORDERED that defendant is not entitled to a refund of any court fees, assessments, fines, restitution and or forfeiture defendant may have paid.

Dated:  Brooklyn, New York
        October 12, 2022

_____
HON.

HON. MATTHEW J. D'EMIC
Administrative Judge
for Criminal Matters

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

THE PEOPLE OF THE STATE OF NEW YORK

-against-

MARCO TELLO,

DEFENDANT.

WRIT OF ERROR CORAM NOBIS

Kings County
Indictment Number:

07716-2013

WHEREAS on or about November 4, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about November 4, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced indictment be vacated;

IT IS FURTHER ORDERED that the above-referenced indictment is dismissed with prejudice; and

IT IS FURTHER ORDERED that defendant is not entitled to a

refund of any court fees, assessments, fines, restitution and or forfeiture defendant may have paid.

Dated:  Brooklyn, New York
        November 4, 2022

                                    _____
                                    HON.

                                    HON. MATTHEW J. D'EMIC