# *Exhibit K*

Case 1:25-cv-05214-NGG-VMS    Document 1-6    Filed 09/17/25    Page 2 of 33 PageID #:
Case 1:24-cv-00808-LDH-TAM    Document 42-3    Filed 07/29/24    Page 2 of 5 PageID #:
54

1

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF KINGS:  CRIMINAL TERM:  PART 4
 2   --------------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK,
 3

 4
                              ████████████
 5          - against -       WRIT OF ERROR CORAM NOBIS

 6
     ████████  ████████████,
 7
                         Defendant.
 8   --------------------------------------------X
                         320 Jay Street
 9                       Brooklyn, New York 11201
                         November 4, 2022
10

11   B E F O R E:

12          THE HONORABLE MATTHEW J. D'EMIC,
                    J U S T I C E
13

14
     A P P E A R A N C E S:
15

16
     For the People:
17
            OFFICE OF THE DISTRICT ATTORNEY
18          District Attorney, Kings County
                 BY:  CHARLES LINEHAN, ESQ.,
19               BY:  ERIC SONNENSCHEIN, ESQ.,
                 Assistant District Attorneys
20

21   For the Defendant:

22          LEGAL AID SOCIETY
                 111 ████████    Street
23          Brooklyn, New York  11201
                 BY:  CHRISTINE BELLA, ESQ.
24

25                            LISA MATZEL
                         Senior Court Reporter

                              LM
```

Case 1:25-cv-05214-NGG-VMS   Document 1-6   Filed 09/17/25   Page 3 of 33 PageID #:
63
Case 1:24-cv-00808-LDH-TAM   Document 12-3   Filed 07/29/24   Page 3 of 5 PageID #:
55

PROCEEDINGS                                                                    2

1           THE CLERK:  This is number eight on the

2   Part 4 calendar, Indictment ████ of ████, ████████

3   ████████.

4           MS. BELLA:  Legal Aid Society by Christine

5   Bella, B-E-L-L-A, for ██. ████████████.

6           Good morning.

7           THE COURT:  Good morning.

8           MS. BELLA:  Your Honor, we're moving to

9   vacate ████ ████████████ conviction based upon

10  substantive and procedural defects pursuant to a writ

11  of error coram nobis.

12          MR. LINEHAN:  Your Honor, the People do

13  not oppose the defendant's petition for a writ of

14  error coram nobis.

15          In 2007, former NYPD narcotics detective

16  Jason Arbeeny was convicted in Kings County on

17  charges of Official Misconduct, Offering a False

18  Instrument for Filing and Filing and Falsifying

19  Business Records in connection with his work as a

20  narcotics detective in Brooklyn.

21          Arbeeny was terminated from employment by the

22  New York City Police Department after he was

23  convicted following a bench trial.

24          Detective Arbeeny perviously worked in

25  Brooklyn in 2005 and 2006 and he was involved in a

PROCEEDINGS                                            3

1    material way in this defendant's case.

2         The former detective's conduct for which he

3    was charged criminally and convicted occurred after

4    the prosecution of this defendant and, therefore,

5    could not have been known or discovered by the People

6    or the defendant at the time of his prosecution.

7         The People have not discovered that the

8    defendant's conviction was based on fabricated

9    evidence or that the defendant is, in fact, innocent.

10   In addition, the People have not discovered evidence

11   to suggest that probable cause did not exist for the

12   defendant's arrest.

13        Nevertheless, pursuant to prosecutorial

14   discretion, the People do not oppose vacating the

15   defendant's conviction and dismissing the accusatory

16   instrument.

17        The district attorney has determined that

18   under these circumstances, the vacatur of this

19   conviction serves the interest of justice, and helps

20   preserve limited resources, enhance public safety,

21   and strengthen the trust in the criminal justice

22   system.

23        The People do not consent to a refund of any

24   fees, assessments, fines, restitution, or forfeiture.

25        For all the reasons above, the People consent

LM

Case 1:25-cv-05214-NGG-VMS    Document 1-6    Filed 09/17/25    Page 5 of 33 PageID #:
65
Case 1:24-cv-00808-LDH-TAM    Document 12-3    Filed 07/29/24    Page 5 of 5 PageID #:
57 PROCEEDINGS                                                          4

1    to the order granting the defendant's petition.

2            THE COURT:  Okay.  It's ordered that the

3    defendant's judgment of conviction under Indictment

4    ███ of ███ is vacated and the indictment is

5    dismissed with prejudice.

6            MS. BELLA:  Thank you, your Honor.

7            THE COURT:  What are we doing about the

8    sealing?

9            MR. LINEHAN:  Are we staying 30 days?

10           MS. LEE:  Could we stay the sealing for 30

11   days?  This is what we did the last time.

12           THE COURT:  Okay.  I forgot.  Sealing is

13   stayed for 30 days.

14           THE CLERK:  12/5, your Honor.

15           MS. LEE:  Brooklyn Defender Services by

16   Yung-Mi Lee, Y-U-N-G-M-I L-E-E.

17           MR. LINEHAN:  Charles Linehan on behalf of

18   the District Attorney.

19           *    *    *    *    *    *

20           The preceding transcript is certified to

21   be a true and correct record of the proceedings in

22   this matter.

23

24   _____
         LISA MATZEL
25     SENIOR COURT REPORTER

                    LM

1
                                                                              1

1  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF KINGS:   CRIMINAL TERM:   PART 4
2  -------------------------------------------X
   THE PEOPLE OF THE STATE OF NEW YORK,
3

4

5            - against -              IND-009818-06
                                      WRIT OF ERROR CORAM NOBIS
6
   JUAN PEREZ,
7
                          Defendant.
8  -------------------------------------------X
                          320 Jay Street
9                         Brooklyn, New York 11201
                          November 4, 2022
10

11 B E F O R E:

12            THE HONORABLE MATTHEW J. D'EMIC,
                      J U S T I C E
13

14
   A P P E A R A N C E S:
15

16
   For the People:
17
            OFFICE OF THE DISTRICT ATTORNEY
18          District Attorney, Kings County
                  BY:  CHARLES LINEHAN, ESQ.,
19                BY:  ERIC SONNENSCHEIN, ESQ.,
                  Assistant District Attorneys
20

21 For the Defendant:

22          LEGAL AID SOCIETY
                111 Livingston Street
23              Brooklyn, New York  11201
                BY:  CHRISTINE BELLA, ESQ.
24

25                        LISA MATZEL
                      Senior Court Reporter

                          LM

PROCEEDINGS                                                     2

```
 1                 THE CLERK:  Number 37, Indictment 9818 of

 2     2007, Juan Perez.

 3                 MS. BELLA:  The Legal Aid Society by

 4     Christine Bella.

 5                 Your Honor, we're moving to vacate Mr.

 6     Perez's conviction based upon substantive and

 7     procedural defects pursuant to a writ of error coram

 8     nobis.

 9                 MR. LINEHAN:  Your Honor, the People do

10     not oppose the defendant's petition for a writ of

11     error coram nobis.  We rely on the record that we

12     made on calendar number eight, Reynaldo Candelaria,

13     Indictment Number 8242 of 2005.

14                 THE COURT:  It is ordered that the

15     defendant's judgment of conviction under Indictment

16     981 of '06 be vacated and the indictment is dismissed

17     with prejudice.  Sealing is a stayed for 30 days.

18

19                 *    *    *    *    *    *    *

20                 The preceding transcript is certified to

21     be a true and correct record of the proceedings in

22     this matter.

23

24                 _____
                            LISA MATZEL
25                 SENIOR COURT REPORTER


                           LM
```

# *Exhibit L*

7/18/24, 2:23 AM    Case 1:23-CV-08068-MD-TAM    Document 83-3    Filed 00/02/25    Page 2 of 4 PageID Dairy Ne...  717

NEWS > NEW YORK NEWS

# We fabricated drug charges against innocent people to meet arrest quotas, former detective testifies



Willie Anderson/News

Former Detective Stephen Anderson, seen here in 2009, is testifying under a cooperation agreement with prosecutors.

7/18/24, 8:37 AM   Case 1:23-CV-08068-AMD-TAM   Document 8-3   Filed 00/02/24   Page 3 of 4 PageID: We fabricated drug charges against innocent people to meet arrest quotas, former detective testifies - New York Daily Ne...



By **NEW YORK DAILY NEWS** | NYDN@medianewsgroup.com

UPDATED: January 10, 2019 at 9:16 p.m.

# Loading your audio article

A former NYPD narcotics detective snared in a corruption scandal testified it was common practice to fabricate drug charges against innocent people to meet arrest quotas.

The bombshell testimony from Stephen Anderson is the first public account of the twisted culture behind the false arrests in the Brooklyn South and Queens narc squads, which led to the arrests of eight cops and a massive shakeup.

Anderson, testifying under a cooperation agreement with prosecutors, was busted for planting cocaine, a practice known as "flaking," on four men in a Queens bar in 2008 to help out fellow cop Henry Tavarez, whose buy-and-bust activity had been low.

"Tavarez was … was worried about getting sent back [to patrol] and, you know, the supervisors getting on his case," he recounted at the corruption trial of Brooklyn South narcotics Detective Jason Arbeeny.

"I had decided to give him [Tavarez] the drugs to help him out so that he could say he had a buy," Anderson testified last week in Brooklyn Supreme Court.

He made clear he wasn't about to pass off the two legit arrests he had made in the bar to Tavarez.

"As a detective, you still have a number to reach while you are in the narcotics division," he said.

NYPD officials did not respond to a request for comment.

Anderson worked in the Queens and Brooklyn South narcotics squads and was called to the stand at Arbeeny's bench trial to show the illegal conduct wasn't limited

7/18/2Case 1:23-CV-08968-AMD-TAM...Fabricated drug charges against innocent people to meet arrest quotas: former detective testifies - NY Daily Ne...

"Did you observe with some frequency this ... practice which is taking someone who was seemingly not guilty of a crime and laying the drugs on them?" Justice Gustin Reichbach asked Anderson.

"Yes, multiple times," he replied.

The judge pressed Anderson on whether he ever gave a thought to the damage he was inflicting on the innocent.

"It was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators," he said.

"It's almost like you have no emotion with it, that they attach the bodies to it, they're going to be out of jail tomorrow anyway; nothing is going to happen to them anyway."

The city paid $300,000 to settle a false arrest suit by Jose Colon and his brother Maximo, who were falsely arrested by Anderson and Tavarez. A surveillance tape inside the bar showed they had been framed.

A federal judge presiding over the suit said the NYPD's plagued by "widespread falsification" by arresting officers.

jmarzulli@nydailynews.com

*Originally Published: October 13, 2011 at 4:00 a.m.*

## Around the Web

**REVCONTENT**

2011 ❯ October ❯ 13

*Exhibit M*



**SHO BET VIDE CELEB MUS NEW LIFES] SHO LIVE VOT MOF**

# Former New York Cop Blows Lid Off Drug-Planting Scheme

## During a corruption trial former NYPD narcotics detective Stephen Anderson testified that he and other members of his division regularly planted drugs on innocent people in order to keep up with department arrest quotas.

NEWS



BET TALKS



agents
were up to
no good,
and now
shocking

NEWS

By Naeesa Aziz
October 14, 2011 / 11:32 AM



For years, members of the Black community have claimed that many undercover drug agents were up to no good, and now shocking testimony from New York's Finest validates those claims of corruption.

During a corruption trial Wednesday former New York City narcotics detective Stephen Anderson testified that he and other members of the Brooklyn South and Queens ... lanted drugs on ... keep up with

... in the trial of
'beeny and was
tice of planting
ras
arcotics
was accused of
in in a bar in
part of an
scutors.

... e a number to

hispanic women in New York deserve
obesity care cover

Trending Now



JAMIE FOXX SAYS HIS DAUGHTER'S GUITAR SAVED HIS LIFE



EXPLOSIONS, BETRAYALS, AND HEATED ROMANCES: A...



JUDGE EASES YOUNG THUG'S ATLANTA BAN, BUT THERE'S A...

"reach while you are in the narcotics division," he said according to the *New York Daily News*.

Advocacy groups called the practice a result of the country's skewed objectives that stem from the war on drugs.

"One of the consequences of the war on drugs is that police officers are pressured to make large numbers of arrests, and it's easy for some of the less honest cops to plant evidence on innocent people," said Gabriel Sayegh of the Drug Policy Alliance, an organization dedicated to promoting human rights based alternatives to the drug war.

"The drug war inevitably leads to crooked policing — and quotas further incentivize such practices," he said.

The group also reports that the NYPD has arrested more than 50,000 people last year

... ses — 86% of

... X — making umber-one

hether he took epercussions of "it was

t of, whether it Jercovers and

emotion with it, to it, they're ... row anyway;



COMMON SAYS
HE MEANT IT
ABOUT
MARRYING....

SET TALKS: GRG GETS REAL FROM HARLEM'S STREETS ... X

**arlem's Streets to Global Spotlight**

nothing is going to happen to them anyway," he said.

Two men who were framed by Anderson and his partner were paid $300,000 in a settlement with the city after surveillance taped showed the officer's misconduct.

*(Photo: Justin Sullivan/Getty Images)*

testimony from New York's Finest validates those claims of corruption. During a corruption trial Wednesday former New York City narcotics detective Stephen Anderson testified that he and other members






BET TALKS: FERG GATON

AD 1/1

keep up with department arrest quotas. Anderson

was participating in the trial of Brooklyn detective Jason Arbeeny and was called to show that the practice of planting drugs, known as "flaking," was commonplace among the narcotics detectives. Anderson, who was

BET TALKS: FERG GETS REAL: FROM HARLEM'S STREETS ...     X

AD 1/1    · 00:14

"As a detective, you still have a number to reach while

you are in
the
narcotics
division,"
he said
according
to the *New
York Daily
News.*
Advocacy
groups
called the
practice a
result of
the
country's
skewed
objectives
that stem
from the
war on
drugs.
"One of the

BET TALKS: FERG GETS REAL FROM HARLEM'S STREETS ...     ✕

AD 1/1  · 00:14

some or
the less
honest
cops to
plant
evidence

on
innocent
people,"
said
Gabriel
Sayegh of
the Drug
Policy
Alliance,
an
organization
dedicated
to
promoting
human
rights
based
alternatives
to the drug
war.
"The drug
war
inevitably

BET TALKS: FERG GETS REAL FROM HARLEM'S STREETS ...    ✕

AD 1/1   · 00:14

tnat tne
NYPD has
arrested
more than
50,000
people last

*Exhibit N*

Search by Officer Name or Badge Number

# Eddie Martins



Badge #5730, White Male
Former Police Officer at Manhattan Court Section
Also served at Police Service Area 3, Narcotics Borough Brooklyn South
Service started July 2006, ended November 2017, Tax #942139

### Substantiated Allegations:
Abuse of Authority: Frisk (2)
Abuse of Authority: Search (of person) (2)
Abuse of Authority: Stop (2)
Discourtesy: Word

### Lawsuit Settlements:
| | |
|---|---|
| $35,000 | Palton, Ian vs City of New York, et al., 2023 KCSC |
| $50,000 | Medina, Michael vs City of New York, et al., 2023 KCSC |
| $70,000 | Montanez, Ethan vs City of New York, et al., 2023 KCSC |
| $20,000 | Perry, Cherise vs City of New York, et al., 2023 KCSC |
| $25,000 | Vargas, Gilberto vs City of New York, et al., 2023 KCSC |
| $30,000 | Batista, Raul vs City of New York, et al., 2019 KCSC |
| $150,000 | Hedges, Charlotte, et al. vs City of New York, et al., 2018 KCSC |
| $27,000 | Alonso, Francisco, et al. vs City of New York, et al., 2016 EDNY |
| $20,000 | Vargas, Gilberto vs Det. Martins, Eddie, et al., 2015 EDNY |
| $30,000 | Litzsey, Hezekiah vs City of New York, et al., 2015 EDNY |
| $29,500 | Baskerville, Evan vs City of New York, et al., 2014 EDNY |
| $100,000 | Bryant, Corey and Windley, Robert vs City of New York, et al., 2014 KCSC |

View Details

# Articles

'They're Getting Away With Rape': Former NYPD Cops Admit To Having Sex With Teen In Their
Custody Get 5 Years Probation, Gothamist, 8/29/2019

**Search by Officer Name or Badge Number**

# Eddie Martins

Badge #5730, White Male
Former Police Officer at Manhattan Court Section
Also served at Police Service Area 3, Narcotics Borough Brooklyn South
Service started July 2006, ended November 2017, Tax #942139



**Substantiated Allegations:**
Abuse of Authority: Frisk (2)
Abuse of Authority: Search (of person) (2)
Abuse of Authority: Stop (2)
Discourtesy: Word

**Lawsuit Settlements:**

|  |  |
|---|---|
| $35,000 | Palton, Ian vs City of New York, et al., 2023 KCSC |
| $50,000 | Medina, Michael vs City of New York, et al., 2023 KCSC |
| $70,000 | Montanez, Ethan vs City of New York, et al., 2023 KCSC |
| $20,000 | Perry, Cherise vs City of New York, et al., 2023 KCSC |
| $25,000 | Vargas, Gilberto vs City of New York, et al., 2023 KCSC |
| $30,000 | Batista, Raul vs City of New York, et al., 2019 KCSC |
| $150,000 | Hedges, Charlotte, et al. vs City of New York, et al., 2018 KCSC |
| $27,000 | Alonso, Francisco, et al. vs City of New York, et al., 2016 EDNY |
| $20,000 | Vargas, Gilberto vs Det. Martins, Eddie, et al., 2015 EDNY |
| $30,000 | Litzsey, Hezekiah vs City of New York, et al., 2015 EDNY |
| $29,500 | Baskerville, Evan vs City of New York, et al., 2014 EDNY |
| $100,000 | Bryant, Corey and Windley, Robert vs City of New York, et al., 2014 KCSC |

<u>View Details</u>

# Articles

'They're Getting Away With Rape': Former NYPD Cops Admit To Having Sex With Teen In Their Custody Get 5 Years Probation, Gothamist, 8/29/2019

# Complaints

| | |
|---|---|
| 9 Complaints | 2 Substantiated (Command Discipline A) |
| 25 Allegations | 4 Substantiated (Command Discipline B) |
| 7 Substantiated | 1 Substantiated (Formalized Training) |
| | 3 Complainant Unavailable |
| | 2 Complainant Uncooperative |
| | 3 Complaint Withdrawn |
| | 3 Exonerated |
| | 3 Unfounded |
| | 4 Unsubstantiated |

### Complaint #201603850, April 2016

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Stop | Male, 29 | Complaint Withdrawn |
| Abuse of Authority: Search (of person) | Male, 29 | Complaint Withdrawn |
| Abuse of Authority: Frisk | Male, 29 | Complaint Withdrawn |
| | | additional details |

### Complaint #201601859, February 2016

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | White Male, 20 | Unsubstantiated |
| Force: Police shield | White Male, 20 | Unfounded |
| | | additional details |

### Complaint #201508978, October 2015

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Threat of arrest | Hispanic Male, 45 | Unsubstantiated |
| Discourtesy: Word | Hispanic Male, 45 | Substantiated (Formalized Training) |
| Abuse of Authority: Search (of person) | White Male, 33 | Substantiated (Command Discipline B) |
| Abuse of Authority: Search (of person) | Hispanic Male, 45 | Substantiated (Command Discipline B) |

| Abuse of Authority: Stop | White Male, 33 | Substantiated (Command Discipline A) |
| Abuse of Authority: Stop | Hispanic Male, 45 | Substantiated (Command Discipline A) |
| Abuse of Authority: Frisk | White Male, 33 | Substantiated (Command Discipline B) |
| Abuse of Authority: Frisk | Hispanic Male, 45 | Substantiated (Command Discipline B) |
| Abuse of Authority: Threat of summons | White Male, 33 | Unsubstantiated |
| Abuse of Authority: Vehicle stop | Male | Exonerated |

**Penalty: Command Discipline - A**

**Documents:**                    Complaint Closing Report

additional details

### Complaint #201505237, June 2015

| **Allegation** | **Complainant** | **CCRB Conclusion** |
| Force: Physical force | White Male, 38 | Complainant Uncooperative |

additional details

### Complaint #201212518, September 2012

| **Allegation** | **Complainant** | **CCRB Conclusion** |
| Force: Physical force | Black Male, 43 | Complainant Uncooperative |

additional details

### Complaint #201109047, July 2011

| **Allegation** | **Complainant** | **CCRB Conclusion** |
| Abuse of Authority: Vehicle search | Black Male, 28 | Exonerated |
| Abuse of Authority: Gun Drawn | | Exonerated |

additional details

### Complaint #201008379, June 2010

| **Allegation** | **Complainant** | **CCRB Conclusion** |
| Discourtesy: Word | Black Male | Complainant Unavailable |

Abuse of Authority: Search (of person)                    Complainant Unavailable

Abuse of Authority: Stop                                  Complainant Unavailable

additional details

### Complaint #201005692, April 2010

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Discourtesy: Word | Black Male, 42 | Unfounded |
| Force: Physical force | Black Male, 42 | Unfounded |

additional details

### Complaint #201001131, January 2010

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Abuse of Authority: Refusal to provide name/shield number | Black Male, 34 | Unsubstantiated |

additional details

**Conclusion Meanings:**
**'Exonerated':** or 'Within NYPD Guidelines' - The conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
**'Substantiated':** The misconduct occurred and it violated the rules. The NYPD has discretion over what, if any, discipline is imposed.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
**'Unsubstantiated':** or 'Unable to Determine' - The alleged conduct was investigated but could not determine both that the conduct occurred and that it broke the rules.
Further details on conclusions.

# Lawsuits

Named in 17 known lawsuits, $586,500 total settlements.

Wrenn, Roy et Al Vs. City of New York, et al.
Case # 23CV08968, U.S. District Court - Eastern District NY, February 8, 2024
Complaint
Description: In 2006, a black man in a hoody entered the Plaintiff 1's apartment lobby and brandished a firearm at Plaintiff 1. Plaintiff 1 ran in fear of his life and the man began chasing Plaintiff, never identifying himself as a police officer. As Plaintiff was running, someone identified themselves as police and Plaintiff 1 laid down on the floor, and an officer hit Plaintiff in the back of

his head with a firearm. No contraband was found in a strip search but Plaintiff 1 was placed under arrest anyway without probable cause. In the police van, Defendant Police Officer Jerry Bowens planted drugs in Plaintiff 1's vicinity and used this as evidence to falsely arrest and charge Plaintiff 1. In 2006, Plaintiff 2 was stand...

Lowe, Lawrence Vs. City of New York, et al.
Case # 535685/2023, Supreme Court - Kings, December 14, 2023

Simms, Michael vs City of New York, et al.
Case # 535675/2023, Supreme Court - Kings, December 14, 2023

Paltoo, Ian vs City of New York, et al.
Case # 516607/2023, Supreme Court - Kings, August 22, 2023, ended December 10, 2024
$35,000 Settlement

Medina, Michael vs City of New York, et al.
Case # 515214/2023, Supreme Court - Kings, June 1, 2023, ended October 16, 2023
$50,000 Settlement

Montanez, Ethan vs City of New York, et al.
Case # 511669/2023, Supreme Court - Kings, April 25, 2023, ended May 24, 2024
$70,000 Settlement

Perry, Cherise vs City of New York, et al.
Case # 511184/2023, Supreme Court - Kings, April 18, 2023, ended June 14, 2024
$20,000 Settlement

Vargas, Gilberto vs City of New York, et al.
Case # 502734/2023, Supreme Court - Kings, January 31, 2023, ended October 11, 2024
$25,000 Settlement

Batista, Raul vs City of New York, et al.
Case # 524720/2018, Supreme Court - Kings, January 30, 2019, ended September 19, 2019
$30,000 Settlement
Complaint
Description: On May 23, 2017, plaintiff was stopped by defendant police officers who ordered plaintiff out of the vehicle and searched it without permission. Plaintiff was falsely arrested and taken to the precinct and later Central Booking. Whilst in detention, plaintiff was denied access to water and the bathroom. He was subsequently falsely charged with possession of a controlled substance. All charges were dismissed.

Hedges, Charlotte, et al. vs City of New York, et al.
Case # 516043/2018, Supreme Court - Kings, August 7, 2018, ended June 23, 2020
$150,000 Settlement
Complaint
Description: Plaintiffs residence was unlawfully searched. Defendants woke up Plaintiffs by entering
their residence without a warrant. Defendants pointed guns at both Plaintiffs and handcuffed them
while their residence was illegally searched. Plaintiffs were assaulted and battered, suffering serious
injuries.

Doe, Anna vs City of New York, et al.
Case # 18CV00670, U.S. District Court - Eastern District NY, January 9, 2018
Complaint
Description: The Plaintiff was on the street when Defendant Officers Hall and Martins without any
cause unlawfully searched and forced the Plaintiff to expose her chest, assaulted, battered,
handcuffed, interrogated and falsely arrested. Defendant Officers Hall and Martins drove to Bay
Ridge and other parts of Brooklyn where they continued the sexual assault and rape of the Plaintiff.
The Plaintiff was taken to the 60th Precinct without any charges. Later that night, the Plaintiff sought
medical attention at Maimonides Hospital ER were she was intimidated and bullied by Defendant
Officer Markov and other John Does.

Falchetti, Maria vs City of New York, et al.
Case # 16CV04694, U.S. District Court - Eastern District NY, August 29, 2016, ended September 7,
2017
Zero Disposition
Complaint
Description: On July 22, 2015, at 6:10 AM inside 150 Corbin Place Apt. 1P in Brooklyn, Plaintiff Maria
Falchetti was asleep in her living room when Defendant Captain Jean-Marie Finnerty broke down her
front door using a no knock warrant, carrying machine guns. Defendant Finnerty, Captain Andrey
Smirnov, Sargent Frances DePalama f/n/a Sargent Frances Collado, Detective Mike Civilm Detective
David Marconi, Detective Eddie Martins, Detective John Rivera, and Detective Teresa Jablonski,
forcibly removed Plaintiff from her bed, participated in throwing her to the floor, pointed a machine
gun at her head, and held her in her apartment for 1.5 hours, then seached her, assaulted ehr, and
lightly rear-handcuffed her wrists. Later o...

Alonso, Francisco, et al. vs City of New York, et al.
Case # 16CV01237, U.S. District Court - Eastern District NY, March 17, 2016, ended January 25, 2017
$27,000 Settlement
Complaint
Description: On October 9, 2015, when plaintiffs were sleeping at home, police officers dressed in

riot gear forcibly entered and refused to show the purported search warrant. Defendants handcuffed plaintiffs and ransacked their home. Plaintiffs were then forcibly removed from their residence and taken to a police van. One officer removed the label from some magnesium pills found in the medicine cabinet and claimed that a controlled substance had been found. Plaintiffs were transported to a precinct and placed in cells. Defendants continued to search plaintiffs' residence and no contraband was found. All charges against plaintiffs were dismissed. Since the incident, plaintiff Bedoya has suffered from panic attacks.


Vargas, Gilberto vs Det. Martins, Eddie, et al.
Case # 15CV05040, U.S. District Court - Eastern District NY, October 20, 2015, ended June 19, 2017
$20,000 Settlement
Complaint
Description: On July 24, 2015, Gilberto Vargas was arrested by several NYPD officers, including Detectives Eddie Martin, Paul Marconi, Mike Civil, and John Rivera. At the time of the arrest, Vargas told the police officers he was a Type I Diabetic and needed his medication. In response, Rivera confiscated his medication and put them in an envelope, and when Vargas requested his medication after being placed in the police van, Rivera responded that he would receive it at the precinct. At the precinct, Vargas told the desk sergeant John Doe 1 that he needed his medication, and the sergeant responded that he would get it later. Vargas was held inside the precinct for 5 hours and 40 minutes without access to insulin and became...


Litzsey, Hezekiah vs City of New York, et al.
Case # 15CV04487, U.S. District Court - Eastern District NY, September 2, 2015, ended July 11, 2017
$30,000 Settlement
Complaint
Description: On July 18, 2013, plaintiff had just dropped off some friends and was sitting inside a parked car when defendant P.O.s Andy Cruz, Eddie Martins, and Armando Saitta approached with guns drawn, demanding to know the location of "the gun" and demanding to know where his friend had gone. Plaintiff was roughly and forcibly removed from the car, assaulted, searched, and placed in handcuffs. The officers searched his car and found no contraband or weapons. Plaintiff was transported to the 88th precinct. He was strip-searched and assaulted by P.O. Andy Cruz. Plaintiff was charged with multiple vehicle and traffic violations, evidence tampering, and resisting arrest. All charges against plaintiff were later dismissed.


Baskerville, Evan vs City of New York, et al.
Case # 14CV05572, U.S. District Court - Eastern District NY, October 14, 2014, ended February 4, 2016
$29,500 Settlement
Complaint
Description: Defendant Officer stopped Plaintiff on the street, asked for his ID, and then Officer

# *Exhibit O*

Case 1:22-cv-05995-BMC   Document 1-6   Filed 09/17/25   Page 31 of 33 PageID
9/3/2021   Case 1:23-cv-05995-BMC   Document 40-1   Filed 08/02/23   Page 14 of 30 PageID #: 254
Brooklyn DA Will Purge 90 Convictions Involving An Indicted Detective, With 100 More Expected In Manhattan - Gothamist

NEWS [/NEWS]

# Brooklyn DA Will Purge 90 Convictions Involving An Indicted Detective, With 100 More Expected In Manhattan

BY GEORGE JOSEPH [/STAFF/GEORGE-JOSEPH]

APR 15, 9:01 AM  •

⬭ 14 COMMENTS [/NEWS/BROOKLYN-DA-WILL-PURGE-90-CONVICTIONS-INVOLVING-INDICTED-
DETECTIVE-100-MORE-EXPECTED-MANHATTAN#COMMENTS]

f  🐦  ⬬  ✉

Last week, Brooklyn District Attorney Eric Gonzalez announced
(https://gothamist.com/news/brooklyn-da-seeks-vacate-90-convictions-based-
work-nypd-detective-accused-perjury) he was moving to dismiss 90 convictions
involving Joseph Franco, an NYPD detective who was indicted
(https://www.manhattanda.org/d-a-vance-nypd-detective-charged-with-perjury-
official-misconduct-relating-to-unlawful-narcotics-arrests/) in 2019 for lying
under oath (https://gothamist.com/news/criminal-justice-advocates-demand-
investigation-after-nypd-detective-busted-for-repeated-false-arrests) about
three separate drug sales which he claimed to have witnessed. Now Manhattan
District Attorney Cyrus Vance has agreed to vacate and dismiss approximately 100
more convictions in which Franco played a key role, Gothamist/WNYC has learned.

P000096

Select Language ∨    HOME    GET HELP    CONTACT US      

      **JUSTICE NEWS**    **SEAL YOUR CONVICTION**

 **THE BROOKLYN DISTRICT ATTORNEY'S OFFICE**
KEEPING BROOKLYN SAFE AND STRENGTHENING COMMUNITY TRUST

ERIC GONZALEZ
District Attorney


Eric Gonzalez
District Attorney

**DISTRICT ATTORNEY**
**KINGS COUNTY**
350 Jay Street
Brooklyn, NY 11201
(718) 250-2000
www.BROOKLYNDA.ORG

Press Office
(718) 250-2300

<u>FOR IMMEDIATE RELEASE</u>
Wednesday, April 7, 2021

# Brooklyn DA Eric Gonzalez to Dismiss 90 Convictions That Relied on Former Narcotics Detective Later Charged with Multiple Perjuries

### *Former Det. Joseph Franco is Awaiting Trial in Manhattan; No Misconduct Was Found in Brooklyn, But DA's Office Has Lost Confidence in Cases Where He Was Essential Witness*

Brooklyn District Attorney Eric Gonzalez today announced that his Conviction Review Unit will be asking the Court to vacate and dismiss 27 felony convictions and 63 misdemeanor convictions that were directly based on the work of former undercover New York City Police Department Detective Joseph Franco. The former detective has been indicted in Manhattan for perjury, official misconduct and other charges in connection with four incidents whereby he allegedly framed numerous individuals for making narcotics transactions. A review by Brooklyn's CRU did not uncover misconduct, but the District Attorney has lost confidence in cases where the detective was an essential witness, i.e., cases that could not have been prosecuted without him, and is requesting that those convictions be dismissed.

District Attorney Gonzalez said, "Knowingly and repeatedly framing innocent people obliterates the credibility of any police officer and proving perjury in such circumstances is rare. After a grand jury reviewed the evidence and indicted former

Detective Franco, I have lost confidence in his work. His cases in Brooklyn are over a decade old, which limited our ability to reinvestigate them, but I cannot in good faith stand by convictions that principally relied on his testimony. Integrity and credibility are at the heart of the justice system and prerequisites for community trust."

The District Attorney's Office today is asking Brooklyn Supreme Court Justice Matthew D'Emic to vacate 27 felony convictions (plus 13 misdemeanor convictions that were taken in Supreme Court), mostly for criminal sale of a controlled substance in the third or fifth degree, and to dismiss the underlying indictments. It is also asking Criminal Court Judge Keshia Espinal to vacate 50 misdemeanor convictions, mostly for criminal possession of a controlled substance in the seventh degree, and to dismiss the underlying complaints. The dismissals are pursuant to a writ of error coram nobis and the court proceedings are expected to continue over the next few days. In all, 27 felony convictions and 63 misdemeanor convictions will be vacated.

Those cases stemmed from arrests that happened when Det. Franco was assigned to Brooklyn commands, between 2004 and 2011. All but one of the 90 convictions were obtained by way of a guilty plea. Most of those convicted for a felony were sentenced to between six months and a year in jail, with the longest sentence being three years in prison. Most of those convicted for a misdemeanor were sentenced to terms ranging from time served to 90 days in jail.

The Conviction Review Unit reviewed all convictions where Det. Franco was involved. Cases where he was the primary undercover and his testimony was necessary for a potential hearing or trial were flagged for dismissal. Defense lawyers and the Court have been notified of the new allegations and the dismissals.

In April 2019, a New York County grand jury indicted Det. Franco on 16 counts of first-degree perjury and related charges. In July 2019, a grand jury indicted him on 10 additional counts of first-degree perjury and related charges. He is awaiting trial on both indictments and was fired from the NYPD in May 2020.

The case review was conducted by Assistant District Attorney Eric Sonnenschein, Deputy Chief of the District Attorney's Post-Conviction Justice Bureau, and Assistant District Attorney Rachel Nash, Deputy Chief of the District Attorney's Conviction Review Unit, under the supervision of Assistant District Attorney Mark Hale, Chief of the Post-Conviction Justice Bureau.

#

Note: the court proceedings are expected to begin today at 9:30 a.m. in Criminal Court and can be viewed here (password: 9000). The Supreme Court hearing is scheduled for 1 p.m. and can be viewed here (password: 1234).

