UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
JEFFREY NESGI,

Plaintiff,

-against-

EDDIE MARTINS IN HIS INDIVIDUAL CAPACITY,

Defendant.
---------------------------------------------------X

Case No.: 1:25-cv-05214-RPK-VMS

**AMENDED COMPLAINT**

Plaintiff, JEFFREY NESGI (hereinafter the "Plaintiff" or "Nesgi"), by and through his undersigned counsel, Michael L. Soshnick, Esq., for his Amended Complaint against Defendant EDDIE MARTINS (hereinafter "Martins") states as follows:

## INTRODUCTION

1. Plaintiff, Jeffrey Nesgi brought this action upon permission of the Court, seeking compensatory damages against Eddie Martins in his Individual Capacity, Defendant named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel, and information and belief.

## PRELIMINARY STATEMENT

2. Specifically, Defendant Martins was a disgraced former N.Y.P.D. police officer in the narcotics division in Brooklyn. His intentional conduct resulted in Nesgi being imprisoned by denying him due process of law. This former police officer engaged in a pattern and practice of illegal and unconstitutional conduct, including false arrest, malicious prosecution, fabricating evidence, perjury by circumventing Fourth Amendment restrictions, and denial of due process of law.

3. Nesgi's conviction for possession was dismissed on a motion for a writ of error coram

nobis granted upon consent of the Kings County District Attorney. The disgraced Defendant's pattern and practice of violating people's civil rights, in addition to other disgraced officers was repeated 378 times. See **Exhibit "A"**, Brooklyn Press Release, dated September 7, 2022 KCDAO. In each of these cases, the disgraced officers compounded their misconduct by repeating their lies over and over again.

4. In a statement by the Kings County District Attorney' Office, the District Attorney vowed to continue to bring the full weight of the law against uniformed police officers who lie and undermine the public trust in law enforcement which we rely on to keep New York safe. See **Exhibit "B"**, New York News, September 7, 2022.

## JURISDICTION AND VENUE

5. This action is brought forth pursuant to 42 U.S.C. 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

6. Jurisdiction is founded upon 28 U.S.C §1331, 1343 (1-4) and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C §1391(b).

## JURY DEMAND

8. Plaintiff demands trial by jury in this action.

## PARTIES

9. Plaintiff Nesgi, is an American Citizen residing in Brooklyn, New York. On behalf of all others similarly situated, Plaintiff brings this action against Defendant seeking money damages and further relief that may be just and proper.

10. Defendant Martins is an individual and former New York City Police Department Officer prior to his employment being terminated for intentional misconduct.

11. At all times relevant herein, the defendant was acting under color of state law.

## FACTUAL ALLEGATIONS OF JEFFREY NESGI

12. On February 24, 2015, at approximately 7:40 p.m., Plaintiff was in the vicinity of West 7th Street, Brooklyn, New York with a few friends. Former Police Officer Martins claimed that he observed Nesgi in possession of a controlled substance, to wit: crack/cocaine. Nesgi was arrested and taken to Brooklyn Central Booking. These charges were entirely fabricated against Nesgi. Plaintiff did not possess narcotics. In his own Criminal Court Complaint, Police Officer Eddie Martins claimed he observed Nesgi in possession of crack/cocaine. This sworn statement was fabricated because Martins never made such an observation.

13. Plaintiff's conviction for criminal possession of a controlled substance in the Seventh Degree was vacated, and his indictment was dismissed on consent of the Kings County District Attorney's Office on November 4, 2022. See **Exhibit "C"**, Nesgi Writ of Error Coram Nobis. Other convictions from cases in which these ex-police officers played a key role were also vacated and dismissed in 2022. See, **Exhibit "D"**, Local News, District Attorney Tossing More Drug Cases Tied to N.Y.P.D Accused of Framing Innocent People.

14. According to various newspaper and media outlets, some 378 criminal convictions tied to the testimony of former N.Y.P.D officers accused of lying and framing innocent people, have been thrown out. See, Exhibit A: INFRA: Press Release, September 7th, 2023 by KCDAO.

15. The Brooklyn District Attorney's Office began an exhaustive review of cases hinging on these officers' testimony and sworn statements and discovered that these officers committed well over 300 acts of police misconduct, ranging from providing false statements to perjury, when they worked as undercover police officers in Brooklyn from 2005-2015.

16. The impact of the writ of error coram nobis on the federal civil rights lawsuits is devasting.

Although the writs upon which each of the 378 convictions were vacated specifically stated that the District Attorney has not identified any information or evidence indicative of innocence and that probable cause existed for Plaintiff's arrest, neither innocence or probable cause are a defense to a claim for a Due Process Violation, such as is claimed here, Count No. (3). A writ of error coram nobis in the absence of a violation of a constitutional right, cannot lie, see *People v. Grimes*, 2018 NY Slip Op 07038 decided on October 23, 2018, Court of Appeals, Difiore, J. The Brooklyn District Attorney's office vacated hundreds of convictions because the convictions depended on the word of these ex-police officers who were now charged and indicted. Nesgi's prosecution was one such case of malicious lies, perjury and fabricated evidence. See Exhibit, INFRA: Nesgi Writ of Error Coram Nobis.

17. The acts complained of herein, and the vacatur of 378 convictions are a direct and proximate result of Martins intentional conduct not an official policy of the N.Y.P.D and took on the force of law.

18. The City of New York and the N.Y.P.D turned a blind eye to these unlawful practices and its willful blindness is well documented, as in the suit of the Colon brothers, 09-cv-0008 (JBW). The City and N.Y.P.D settled with the Plaintiff on May 13, 2026.

19. The misconduct of Defendant Martins violated Plaintiff's rights pursuant to the Constitution of the United States.

## **CAUSES OF ACTION**

## **COUNT ONE**

**EDDIE MARTINS IN HIS INDIVIDUAL CAPACITY**
**AGAINST DEFENDANT FOR VIOLATIONS OF 42 U.S.C § 1981, 1983 FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION: MALICIOUS PROSECUTION**
**ON BEHALF OF NESGI**

20. The Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

21. On or about 2005 through 2015, including February 24, 2015, the Defendant ex-police officer initiated criminal proceedings against the Plaintiff by misrepresenting and falsifying evidence in criminal court. This officer continued his lies by allowing the false information he provided either by himself or to his back-up police officers to be written on Felony Complaints and or told in the grand jury in order to secure indictments. Ex-police officer Martins misrepresented and falsified evidence that created a falsehood in signing the felony complaints and these ex-police officers' lies were material for a finding of probable cause. In commencing and continuing the prosecution of Plaintiff, Defendant Martins caused Plaintiff Nesgi, and those similarly situated, to be falsely charged with acts in violation of the Penal Law of the State of New York.

22. In the prosecution of Nesgi, Defendant Martins not only played an active role in the prosecution, he was the key witness and the main officer who provided incriminating false statements to the Brooklyn District Attorney's Office (KCDAO). See **Exhibit "E",** INFRA, Writ of Error Coram Nobis.

23. In the Nesgi prosecution, the Brooklyn District Attorney's Office (KCDAO) materially relied on the sworn testimony and evidence provided by Defendant Martins. There was no independent evidence-separate and apart from evidence that depended on Martins' credibility.

24. In Nesgi's criminal case, Defendant Martins, (acting in the capacity of an undercover officer), falsely alleged that he observed a narcotics transaction involving the Plaintiff.

25. In Nesgi's overturned conviction, Defendant Martins operated as the undercover

and was the sole witness swearing that he observed Plaintiff Nesgi possess crack/cocaine on February 24, 2015. See **Exhibit "F"**, Nesgi Superior Court Information, which led to Nesgi's conviction being overturned on November 4, 2022. Plaintiff, and all those similarly situated, ultimately were deprived of their liberty by either being incarcerated, placed on probation, parole or supervision.

26. During the course of Nesgi's prosecution, Martins was regularly in touch with prosecutors regarding the alleged facts and details of Nesgi's criminal case.

27. Defendant Martins pointed out Nesgi in a confirmatory show-up and this information was recorded by the KCDAO and memorialized in a Notice pursuant to CPL 710.20(1)(b) which was prepared by the KCDAO. The statements and participation Martins provided in Nesgi's prosecution was critical and at the same time false.

28. Plaintiff did not give Defendant Martins probable cause to believe that Plaintiff, and all those similarly situated, had committed the falsely charged illegal acts. Although Nesgi was charged by superior court information as a result of the statements Martins provided about the case, the SCI was procured by fraud. Martins misrepresented evidence used to charge Nesgi. *Probable cause was vitiated.* Martins was investigated by the Internal Affairs Bureau, See **Exhibit "G"**, IAB Investigation.

29. Furthermore, Nesgi, upon information and belief, denies participating in any sale of narcotics.

30. Nesgi submits that he was hanging out at that time of his arrest.

31. Nesgi submits his only crime was hanging out on a public street; nothing more. Mere presence at the scene of a crime, even with knowledge of that crime does not establish probable cause, much less guilt.

32. Nesgi plead guilty to avoid a much longer sentence knowing that Martins, the undercover, would testify against him. Nesgi was aware that Martins in fact had falsely reported that he was observed to have possessed drugs, which was material and likely to influence a jury's verdict. Defendant Martins had also in fact forwarded this information to Brooklyn prosecutors. For the same reasoning detailed here that probable cause was vitiated due to fraud by Martins, Nesgi's so-called admission at allocution is also nullified.

33. Martins did not arrest the Plaintiff with the desire to see the ends of justice served but rather with a false motive or planting and fabricating evidence and thus furthering his career by falsely inflating his arrest productivity.

34. As a result of the false evidence provided by the Defendant, the Plaintiff was forced under threat of grand jury indictment.

35. Plaintiff Nesgi was deprived of his liberty by being incarcerated. Nesgi was sentenced to one year incarceration. See **Exhibit "H"**, Nesgi Sentence and Commit.

36. The conduct of the Defendant was the direct and proximate cause of Plaintiff's loss of liberty for one year, which violated Nesgi's statutory rights guaranteed by the laws and Constitution of New York and the United States.

37. On November 4, 2022, Plaintiff's conviction was vacated pursuant to Writ of Error Coram Nobis.

38. The court granted the vacateur because there was a due process of law violation and had this information been known at the time Nesgi was being prosecuted, Nesgi would never have been found guilty, and the outcome of the case would have been different. Without a finding of a constitutional violation, the Writ could not have been granted.

**COUNT TWO**

**EDDIE MARTINS IN HIS INDIVIDUAL CAPACITY AGAINST DEFENDANT FOR VIOLATION OF 42 U.S.C § 1983 FOR FABRICATED EVIDENCE ON BEHALF OF NESGI**

39. Plaintiff, repeats and reiterates the allegations contained in paragraphs "1" through "38" as is fully set forth herein.

40. That the aforesaid arrest, prosecution and imprisonment were malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based upon fabricated evidence. The Defendant Martins acted in bad faith and without probable cause in effectuating the aforesaid arrest and imprisonment of Nesgi. Martins in his Individual Capacity fabricated information, and lied about his observation of Nesgi's participation in the sale of crack/cocaine. Additionally, he lied regarding his participation in the arrest and prosecution of those people listed in Exhibit A.

41. That the aforesaid arrest and imprisonment were made with fabricated evidence as sworn to in the felony complaints.

42. In addition, Martins pointed out Nesgi and confirmed his identity acting as an undercover police officer, fabricating evidence because he believed he would wrongfully influence a jury's verdict resulting in a miscarriage of justice.

43 The aforesaid fabrication of evidence caused the Plaintiff to suffer a deprivation of his liberty being that Nesgi was sentenced to one year incarceration.

**COUNT THREE**

**EDDIE MARTINS IN HIS INDIVIDUAL CAPACITY AGAINST DEFENDANT FOR VIOLATIONS OF 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT AND VIOLATIONS FOR DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE NEW YORK AND UNITED STATES CONSTITUTIONS**

44. Plaintiff reiterates and realleges each and every allegation contained in the prior paragraphs "1" through "43" with the same force and effect.

45. It is firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by police officers when a police officer creates false information likely to influence a jury's decision and forwards that information to the prosecutors, he violates the accused's constitutional right to a fair trial.

46. Plaintiff Nesgi was denied his right to a fair trial i.e. he was subject to a deprivation of liberty without due process of law in violation of New York and United States Constitution pursuant to the due process clause of the Fourteenth Amendment by the participation of the aforementioned ex-police officer in all of the prosecutions mentioned herein.

47. Defendant Martins, the former police officer, created false information and provided that information to the Kings District Attorney's Office which was then used in Nesgi's prosecution. See, **EXHIBIT "J"**, *WRITS by Brooklyn Supreme Court Judge, Hon. D'EMIC vacating and dismissing 378 indictments because the defendants were denied due process of law, violative of the New York State and the United States Constitutions.*

48. This aforementioned ex-police officer consciously lied in generating Nesgi's felony complaint.

49. A hearing was held in Brooklyn Supreme Court, to review certain convictions to see if the aforementioned ex-police officer Martins played a key role in bringing about that prosecution.

50. Because Defendant Martins was already thoroughly investigated by the Brooklyn and Manhattan District Attorney's Office, as well as an internal investigation by the same police department, the Defendant worked for, and it was found, by unequivocal, substantiated evidence that he lied and provided false material evidence in numerous documented cases. Defendant's credibility was called into question in cases that he acted as key witness, from 2005 through 2015.

51. No independent evidence was found to have convicted these people, other than the word

of Defendant Martins and instead of investigating each case individually, the prosecutors conducted mass exonerations.

52. The hearing involved here was a hearing to determine if the conviction was obtained in violation of Due Process Right of the Defendant, under the Constitution of the United States or the State of New York. See, **EXHIBIT "K"**, sample transcript of a writ of error coram nobis hearing.

53. Plaintiff Nesgi had a defense attorney assigned to him and the KDAO was represented by their own assistant, who in turn represented the police witnesses, the officers whose conduct was under review. Evidence was presented by both sides. Argument of Counsel was heard and Judge D'Emic after due deliberation granted all of the petitions.

54. Defendant's action resulted in the Plaintiff being arrested, handcuffed, incarcerated, forced to appear in court, and endure the fear of being sentenced to jail, which ultimately occurred.

55. By reason of the aforesaid, the Plaintiff has been damaged, and he is entitled to compensatory damages in a sum to be determined by the Court.

**DAMAGES**

56. As a direct and proximate result of the acts of the Defendant Martins, Plaintiff Nesgi suffered the following injuries and damages:

a. Violations of his due process rights under the Fourth and Fourteenth Amendments to the Constitution;
b. Loss of physical liberty due to incarceration and other forms of restriction on liberty;
c. Further restriction of his liberty due to forced court appearances;
d. Humiliation, embarrassment, injury to reputation and physical abuse;
e. Extreme emotional distress;
f. Severe disruption of family.

57. Defendant Martins through his intentional and malicious conduct of corruption, violated the civil rights of at least 378 people, whose convictions were vacated and dismissed including the Plaintiff.

58. Many more people were denied due to process of law by these corrupt ex-police officers, violative of the United States and New York State Constitutions.

59. The Plaintiff deserves a meaningful opportunity to recover damages for constitutional violations.

WHEREFORE, it is respectfully requested that this Honorable Court award compensatory damages in an amount to be determined by the Court; award attorney's fees as fair and reasonable compensation for services rendered in connection with this action; grant further relief that may be deemed just and proper.

Dated: August 7, 2026
Mineola, NY

___/s/: *Michael L. Soshnick*____

MICHAEL L. SOSHNICK, ESQ.
Attorney for Plaintiff Jeffrey Nesgi
170 Old Country Road, Ste. 307
Mineola, NY 11501
516-294-1111
Email: msoshnick@soshnicklaw.com